UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


PAUL S. VARSZEGI

                                                            PRISONER
       v.                                     CASE NO.   3:03CV1195 (EBB)(JGM)

JOHN ARMSTRONG, et al.


RULING AND ORDER

       Plaintiff seeks reconsideration of the court's February 2, 2006 ruling denying

leave to file a third amended complaint.  In his motion, he states only that he will

withdraw all claims against three persons, John Doe, Gienetto and Vargas, sought to be

added as defendants in the proposed third amended complaint.

       The standard for granting a motion for reconsideration is strict.  Reconsideration

"will generally be denied unless the moving party can point to controlling decisions or

data that the court overlooked–matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court."  See Schrader v. CSX Transp.,

Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The function of a motion for reconsideration thus

is to present the court with an opportunity to correct "manifest errors of law or fact or to

consider newly discovered evidence ...."  LoSacco v. City of Middletown, 822 F. Supp.

870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827

F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

       As the court stated in the prior ruling, Rule 15(a), Fed. R. Civ. P., provides that

permission to amend a complaint "shall be freely given when justice so requires."  In

determining whether to grant leave to amend, the court considers such factors as

undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment.

See Forman v. Davis, 371 U.S. 178, 182 (1962).

The operative complaint in this action is the second amended complaint filed

November 23, 2004.  The plaintiff has stated that he filed this action to litigate claims

that he was denied permission to add in a Third Supplemental Complaint submitted in

Varszegi v. Armstrong, et al., No. 3:99cv1848 (JCH).  The court relied on the plaintiff's

characterization of this action as concerning incidents which occurred prior to July

2001, the time when plaintiff sought leave to file the third supplemental complaint in the

other action.  The court also noted that, despite plaintiff's assertion that the operative

complaint is deficient because he is not trained in the law, plaintiff is an experienced

litigator in this court.

This case has been pending for nearly three years.  The defendants have

answered the second amended complaint and the discovery period in the second

scheduling order has expired.  (See Dkt. ##55, 56.)  Although plaintiff has attempted to

correct one issue raised by the court in the ruling denying leave to amend, he has not

addressed these concerns in his motion for reconsideration.  The court concludes that

defendants will be prejudiced if plaintiff is permitted to file a third amended complaint.

Plaintiff's motion for reconsideration [**doc. #59**] is **DENIED**.  The parties are

reminded that the deadline for filing dispositive motions in this case is **June 23, 2006.**

**SO ORDERED** this 31st day of May, 2006, at New Haven, Connecticut.

/s/ Ellen B. Burns
Ellen Bree Burns
Senior United States District Judge